**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ULYSSES HILL,

   Plaintiff,

v.

JEFFERSON CAPITAL SYSTEMS, LLC.

   Defendant.

Case No. 1:19-cv-01004

## COMPLAINT

NOW COMES Plaintiff, ULYSSES HILL, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, JEFFERSON CAPITAL SYSTEMS, LLC as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

5. ULYSSES HILL ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 2161 Royale Court, Unit B, Muskegon, Michigan 49441.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 339.901(1)(f)

8. JEFFERSON CAPITAL SYSTEMS, LLC ("Defendant") is a limited liability company organized under the laws of Georgia.

9. Defendant has a principal place of business at 16 Mcleland Road, Saint Cloud, Minnesota 56303.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

12. Defendant is a "collection agency" as defined by M.C.L. § 339.901(1)(b).

## FACTUAL ALLEGATIONS

13. Plaintiff obtained a credit card.

14. Over time, Plaintiff made various personal charges on this credit card.

15. Plaintiff defaulted on payments and Plaintiff's account was charged-off and referred for collection.

16. Plaintiff's account balance is a "debt" as defined by 15 U.S.C. § 1692a(5) as it relates to an obligation or alleged obligation to pay money arising out of a transaction in which the money, property, insurance, or services which is the subject of the transaction are primarily for personal, family, or household purposes.

17. Plaintiff's account balance is a "claim" or "debt" as defined by M.C.L. § 339.901(1)(a) as it is an obligation or alleged obligation for the payment of money or thing of value arising out of an expressed or implied agreement or contract for a purchase made primarily for personal, family, or household purposes.

18. In August/September 2019, Plaintiff started to receive phone calls from Defendant seeking to collect on Plaintiff's account.

19. On multiple occasions, Plaintiff answered and informed Defendant he is unable to make payments at this time before asking them to stop calling.

20. Unfortunately, these phone calls continue to be received.

21. In spite of Plaintiff's multiple requests, Defendant placed (or caused to be placed) no less than 12 *unconsented-to* phone calls to Plaintiff.

22. Defendant's unconsented-to phone calls resulted in aggravation that accompanies unsolicited phone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services, and wasting Plaintiff's time.

23. Concerned with having had his rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices ceased.

24. Accordingly, Plaintiff needed to expend energy/time consulting with attorneys as direct result of Defendant's unlawful collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

25. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of 15 U.S.C. § 1692d**

25. Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

26. Defendant violated 15 U.S.C. § 1692d(5) by continuing to place phone calls to Plaintiff despite Plaintiff's request(s) that Defendant stop calling.

27. Defendant's behavior of continuing to place phone calls to Plaintiff was abusive, harassing, and oppressive.

28. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692d(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)
>
>> (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §§ 1692d(5);

4

    B.    an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

    C.    an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

    D.    an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

    E.    an award of such other relief as this Court deems just and proper.

## Count II: Michigan Occupational Code (M.C.L. § 339.901 *et seq*.)

29.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of M.C.L. § 339.915(n)

30.    Section 915 provides:

[a] licensee shall not commit 1 or more of the following acts:

    (n)    Using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor. All communications shall be made from 8 a.m. to 9 p.m. unless the debtor expressly agrees in writing to communications at another time. All telephone communications made from 9 p.m. to 8 a.m. shall be presumed to be made at an inconvenient time in the absence of facts to the contrary.

M.C.L. § 339.915(n).

31.    Defendant violated M.C.L. § 339.915(n) by placing no less than 12 phone calls to Plaintiff despite Plaintiff's requests that Defendant stop calling.

32.    Each call to Plaintiff was unwanted, disruptive, annoying and violated M.C.L. § 339.915(n).

33. Plaintiff may enforce the provisions of M.C.L. § 339.915(n) pursuant to M.C.L. § 339.916 which provides "a person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this article or rules promulgated under this article, may bring an action for damages or other equitable relief."

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated M.C.L. § 339.915(n);

B. an award of any actual damages or $50.00, whichever is greater;

C. if the court finds that the method, act, or practice was a willful violation, an award no less than three times the actual damages, or $150.00, whichever is greater;

D. an award of reasonable attorney's fees and court costs incurred in connection with this action;; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: November 25, 2019                 Respectfully submitted,

**ULYSSES HILL**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com